UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BLACKCORAL ENERGY SAM,** § | | |
| § | | |
| Plaintiff, § | | |
| § | NO. | 4:23-CV-1130 |
| v. § | | |
| § | ADMIRALTY | |
| **M/V JASMINA D, her engines,** § | | |
| **boilers, tackle, apparel etc.,** *in rem*, § | | |
| § | | |
| Defendant. § | | |

## ORIGINAL VERIFIED COMPLAINT

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**COMES NOW** Plaintiff, BLACKCORAL ENERGY SAM. (hereinafter "BlackCoral" or "Plaintiff"), by and through its undersigned counsel, as and for its Original Verified Complaint against the Defendant M/V JASMINA D, her engines, boilers, tackle, apparel, etc. *in rem* (hereinafter "Vessel"), avers and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the M/V JASMINA D, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Sections II & III below.

1

3. At all times material hereto Plaintiff, BlackCoral, is foreign corporation engaged in the business of providing maritime necessaries to ships, namely bunkers.

4. At all times material hereto, defendant M/V JASMINA D was and still is a vessel, registered in the Republic of Singapore, with IMO number 9611292, Call Sign 9HA5557, and, is now, or will be during the pendency of this action, within the Southern District of Texas, and subject to the jurisdiction and venue of this Honorable Court.

## II. THE SUBSTANTIVE CLAIMS

5. BlackCoral was the supplier of bunkers to the M/V JASMINA D pursuant to bunker supply contract(s) and brings this action in order to recover amounts indisputably due and owing.

6. The bunker supply contracts are maritime contracts.

7. On or about February 14, 2023, White Cloud Shipping Pte. Ltd. (hereinafter "White Cloud"), as charterers of the M/V JASMINA D entered into an agreement with Plaintiff to provide bunkers (at a rate of USD 748.00 per mt of VLSFO 0.5%) for delivery to the vessel at Malta Anchorage. A copy of the Bunker Contract Confirmation which incorporates BlackCoral's Standard Terms & Conditions of Sale (dated February 26, 2020) is attached hereto as **Exhibit 1** and a copy of the Standard Terms & Conditions of Sale is attached as **Exhibit 2**.

8. On February 16, 2023, BlackCoral provided a pro forma invoice to White Cloud for payment in advance of $50,000. A copy of the pro forma invoice is attached as **Exhibit 3**.

9. On February 16, 2023, BlackCoral provided 150 metric tons of VLSFO 0.5% as set out in the bunker delivery receipt, to the Vessel at the agreed supply point, Malta. A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 4**.

10. The Bunker Delivery Receipt bears the signature of the vessel's Chief Officer and

the seal of the M/V JASMINA D. *See* Exhibit 4.

11. By signing the Bunker Delivery Receipt, the Chief Officer acted on behalf of the Vessel and her owner and/or operator to procure bunkers, and thereby accepted them, for the Vessel.

12. On or about February 24, 2023, White Cloud entered into an agreement with Plaintiff to provide bunkers (at a rate of USD 629.00 per mt of VLSFO 0.5%) for delivery to the vessel at the port of Huelva. A copy of the Bunker Contract Confirmation which incorporates a requirement for an advance payment of $75,000 and BlackCoral's Standard Terms & Conditions of Sale (dated February 26, 2020) is attached hereto as **Exhibit 5**.

13. On February 24, 2023, BlackCoral provided 249.953 metric tons of VLSFO 0.5% as set out in the bunker delivery note, to the Vessel at the agreed supply point, Huelva. A copy of the Bunker Delivery Receipt is attached hereto as **Exhibit 6**.

14. The Bunker Delivery Receipt bears the signature of the vessel's Chief Engineer and the seal of the M/V JASMINA D. *See* Exhibit 6.

15. By signing the Bunker Delivery Receipt, the Chief Engineer acted on behalf of the Vessel and her owner and/or operator to procure bunkers, and thereby accepted them, for the Vessel.

16. White Cloud was invoiced for the bunkers delivered to the Vessel on February 16, 2023 and February 24, 2023. The total amount of the invoices was $282,934.20. *See* Invoices attached as **Exhibit 7**.

17. White Cloud paid the $125,000 cash in advance as required and made one additional payment of $17,500.

18. However, no further payments have been received despite being due and owing

within fifteen (15) days of receipt of the bunkers. *See* Exhibit 7.

19. Accordingly, $69,060 remains due and owing for Invoice SI101196 and $71,374.20 remains due and owing on SI101220.

20. The total balance due and owing is **$140,434.20**.

21. The said bunkers delivered to the M/V JASMINA D were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. White Cloud, by virtue of its role as time-chartered operator was authorized to order necessaries for the account and on the credit of the vessel.

22. The M/V JASMINA D, her time charterer, and owners, received the benefit of such services and are indebted to Plaintiff BlackCoral and obligated to pay for the aforementioned goods and services.

23. Clause 18 of the Terms of Sale provide that the contract shall be governed by "the general maritime law of the United States of America . . . The laws of the United States, including but not limited to the Commercial Instruments and Maritime Lien Act, shall always apply with respect to the existence of a maritime lien, regardless of the country in which the Seller takes legal action." *See* Exhibit 2. Accordingly, Plaintiff has the right to assert its maritime lien for the supply of necessaries under the provisions of 46 U.S.C. §§ 31341 *et seq.*

24. Clause 13 of the Terms of Sale holds that Plaintiff's sale of the bunkers and the acceptance of the bunkers on the Vessel confirms Plaintiff's maritime lien over the vessel. *See* Exhibit 2.

25. As a result of the foregoing, BlackCoral has a maritime lien on the M/V JASMINA D for the provision of necessaries, enforceable in admiralty in accordance with the provisions of Supplemental Rule C.

26. Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services. Payment of all sums has been duly demanded by Plaintiff from the M/V JASMINA D and/or White Cloud as time charterers, but an outstanding principal amount of $140,434.20 remains unpaid. *See* Exhibit 7.

27. To date, Defendant has neglected, failed, or otherwise refused to pay the outstanding sum of **$140,434.20** which is indisputably due and owing for the bunkers.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

28. Plaintiff repeats and re-alleges all matters averred in the above and foregoing Original Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendant, alleges and pleads as follows

29. As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the Bunker Contract and BlackCoral's Standard Terms & Conditions of Sale, Plaintiff's claim for the amount of **$140,434.20**, attached as a maritime lien on the said vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq*. with suit *in rem.*

30. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in the Southern District of Texas and the Fifth Circuit Court of Appeals for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **$210,651.30**.

31. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant M/V JASMINA D, *her engines,* boilers, tackle, apparel, etc. *in rem,* including the issuance of a warrant for the arrest of the M/V JASMINA D, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.      That judgment be entered in favor of Plaintiff and against the Defendant M/V JASMINA D *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C.      That the M/V JASMINA D, her engines, tackle, furniture apparel, appurtenances, etc. after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D.      That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully Submitted,

Date:   March 28, 2023           CHALOS & CO, P.C.
        Houston, Texas

By:     /s/ Briton P. Sparkman
        Briton P. Sparkman
        SDTX Federal Id No. 1148116
        7210 Tickner Street
        Houston, Texas 77055
        (T) (713) 574-9454
        (F) (866) 702-4577

        *Attorneys for Plaintiff*
        BLACKCORAL ENERGY SAM